IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN WILLIAM CHILDERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 03-CV-309-TCK-SAJ |
| | ) | |
| MIKE ADDISON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Before the Court for consideration is the petition for a writ of habeas corpus (Dkt. # 1) filed by Petitioner, a state inmate appearing *pro se*. Respondent filed a response (Dkt. # 11) and provided the state court records necessary for adjudication of Petitioner's claims. Petitioner filed a reply (Dkt. # 12) to Respondent's response. For the reasons discussed below, the Court finds the petition shall be denied.

*BACKGROUND*

The record demonstrates that Petitioner John William Childers entered pleas of guilty to Second Degree Rape (Count I) and two (2) counts of First Degree Rape (Counts II and III), in Delaware County District Court, Case No. CF-1998-272. See Dkt. # 7, Ex. A. On March 22, 1999, Petitioner was sentenced to ten (10) years imprisonment on each count, with Count II to be served consecutive to Count I, and Count III to be served consecutive to Count II. Id. The trial court also ordered the "balance of sentence suspended after successful completion of appropriate sex offender program under the custody and control of the Oklahoma Department of Corrections." Id. Petitioner did not move to withdraw his guilty pleas and did not otherwise perfect a *certiorari* appeal in the

Oklahoma Court of Criminal Appeals ("OCCA").

On November 14, 2002, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 7, Ex. B. He identified the following propositions of error:

Proposition 1: Breach of plea agreement by State.

Proposition 2: State knowing started a unconstitutional Program violating Petitioner's constitutional rights by knowing that the program they were starting was ran by same rules the Court of Criminal Appeals shut down.

(Id.) On January 21, 2003, the state district court conducted a hearing on Petitioner's claims. By order filed March 5, 2003, the state district court denied Petitioner's request for post-conviction relief. (Dkt. # 7, Ex. C; Dkt. # 11, Ex. A). Petitioner appealed, raising the same claims presented to the state district court and further alleging that the state district court conducted an unconstitutional hearing on his application for post-conviction relief. (Dkt. # 7, Ex. D; Dkt. # 11, Ex. B). On April 10, 2003, in Case No. PC-2003-240, the OCCA dismissed the post-conviction appeal under Rule 5.2(C), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App, based on Petitioner's failure to file a copy of the state District Court's order along with his petition in error. (Dkt. # 7, Ex. E; Dkt. # 11, Ex. C)

Petitioner filed the instant habeas corpus action on May 8, 2003 (Dkt. # 1). In his petition, Petitioner raises three (3) grounds of error, as follows:

Ground 1: Breach of plea agreement by State of Oklahoma -- Oklahoma Court of Criminal Appeals shut down the Sex Offender Program as unconstitutional. State has failed to open a constitutional program so that Petitioner could receive suspended part of sentence.

Ground 2: 14th Amendment of due process -- Sheriff Deputy and district court did not allow Petitioner to bring legal case work and failed to allow Petitioner to obtain counsel to replace counsel that failed to show or delay so legal work could be sent up to district court.

>   Ground 3:   Criminal Court of Appeals dismissing case without hearing because Petitioner could not get a certified copy of the district court's ruling in this matter -- Petitioner wrote court clerk to get copy of certified court order. District Court clerk refused to send one. Petitioner had to file or be out of time stated to court that tried to get certified order but was unable to get from Court Clerk as a prisoner could not go to court and wrote Delaware County Court Clerk for certified order for appeals court was denied one by Court Clerk.

(Dkt. # 1). In response to the petition (Dkt. # 11), Respondent contends that Petitioner's claims are procedurally barred.

*ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case. In addition, Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B. Procedural Bar**

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds. Coleman v. Thompson, 501 U.S. 722, 729 (1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). A finding of procedural default is an "adequate" state ground if it has been applied evenhandedly "in the vast majority of cases." Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)).

In this case, Petitioner alleges that state officials have breached the plea agreement, thereby

invalidating his sentences entered in Delaware County District Court, Case No. CF-1998-272. Petitioner first raised his habeas claims in his application for post-conviction relief. After the state district court denied relief, see Dkt. # 7, Ex. C; Dkt. # 11, Ex. A, the Oklahoma Court of Criminal Appeals ("OCCA") imposed a procedural bar on Petitioner's claims and dismissed the post-conviction appeal because Petitioner failed to attach a copy of the district court order denying post-conviction relief as required by Rule 5.2(C), *Rules of the Court of Criminal Appeals*. The OCCA specifically cited to Rule 5.2(C) (providing that the petitioner must file a petition in error and supporting brief, WITH A CERTIFIED COPY OF THE ORDER ATTACHED), as authority for the procedural bar. See Dkt. # 11, Ex. C.

The OCCA's dismissal of the post-conviction appeal was based on both an independent and an adequate state procedural ground. The imposition of a procedural bar was an "independent" state ground because "it was the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. The OCCA's reliance on Rule 5.2(C) for imposition of a procedural bar was also an "adequate" ground. See Johnson v. Champion, 288 F.3d 1215, 1227 n. 3 (10th Cir. 2002); Duvall v. Reynolds, 139 F.3d 768, 797 (10th Cir. 1998) (concluding that failure to comply with Rule 5.2(C) is an "adequate" ground because the need for "a copy of the district court's order [to be] filed with the reviewing court is necessary for proper evaluation of the judgment below"). Therefore, federal habeas corpus review of Petitioner's claims is precluded absent a showing by Petitioner of "cause and prejudice" for the default or that a fundamental miscarriage of justice will result if Petitioner's claims are not considered. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Demarest v. Price, 130 F.3d 922, 941042 (10th Cir. 1997).

The cause standard requires a petitioner to "show that some objective factor external to the

defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In both his reply to Respondent's response and in his petition, Petitioner claims that he tried without success to get a certified copy of the order filed in Delaware County District Court denying his application for post-conviction relief. However, he offers no evidence in support of his claim. As a result, the Court finds Petitioner's conclusory allegations concerning his efforts are insufficient to constitute "cause" to overcome the procedural bar. Petitioner has not provided any evidence suggesting interference by state officials in the delivery of his post-conviction paperwork or that some objective factor, other than his own actions, impeded his efforts to comply with the state procedural rules. As a result, the Court finds Petitioner has failed to demonstrate "cause" sufficient to overcome the procedural bar applicable to his claims.

Petitioner's only other means of gaining federal habeas review is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Petitioner does not assert that he is actually innocent of the crimes for which he was convicted. Therefore, he does not fall within the fundamental

miscarriage of justice exception. The Court concludes that Petitioner's claims are procedurally barred and habeas corpus relief must be denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

2. A separate judgment shall be entered in this case.

DATED THIS 28th day of September, 2006.

*[signature: Terence Kern]*

TERENCE KERN
UNITED STATES DISTRICT JUDGE